Judge Mills
delivered the Opinion of the Court.
Riddle, the complainant below, executed bis note to Wesley Hardin, for the price of a lot sold to him in the town of Hardinsville, on which, a judgment was obtained before a justice of the peace. To be relieved against this judgment, Riddle filed this bill in the court below, reiving on some supposed grounds of equity existing against Hardin, and alleging that Hardin had assigned the note to Elisha Herndon and William Pemberton, who had obtained the judgment aforesaid, and that Hardin was dead.
Herndon and Pemberton answered, denying that the note was assigned to them; but admitting that they are the owners of the judgment in this way: after the rendition of the judgment in favor of Hardin, lie drew an order in favor of one of them, for a specific part thereof, and in favor of the other for the residue; part of which had been paid to one of them; so that according to this account, the judgment is in the name of Hardin, and they are only the equitable owners thereof.
We have not thought it necessary to investigate, or recite minutely, the particular equity relied on by Riddle, because we suppose that with the parties now before the court, no relief can be granted to the complainant, on the merits, as is done by the decree of the court below.
It has been often held by this court, that an assignment of a judgment passes an equity only, and of course before relief can be granted against the judgment, the person who holds the legal estate must be a party.
Here, as Hardin was dead, his administrator or executor must be brought before the court. Aware of this the complainant made Morris Fox a defendant, charging him as the administrator. Fox, by an answer in the nature of a plea, denies that he is *402 the administrator, or that he ever had any thing to do with the estate. To this the complainant replied -admitting that he had never taken letters of administration, but alleging that he had intermeddled with the estate, and therefore if he was not administra* tor, he was executor in his own wrong, and here ends the attempt to bring the personal í'epreseníative of Hardin before the court, nor is it suggested ■that he has no such representative.
Interest of the proprietor of a town established under the general law, being but the right to claim the proceeds ■of .the sales of the lots, is ese'r sonaity, and passes to his executor,
*402 If the complainant had been trying to recover a ■demand against the estate of Hardin, and Fox had pleaded that he was not executor or administrator, the complainant might have estopped him to deny it, by proving that he, Fox, had acted as such. But an executor de son tort, can only be made such on one side of the question, that is, to pay the debts of the decedent; hut he cannot become entitled to his credits. He cannot release or transfer them, nor is he a proper party to contest the validity of such rights, and a decree against him enjoining a judgment of the deceased cannot bar or prejudice the legal executor or administrator. Of course the complainant, by his replication, has failed to show that he had the proper party before the court, with whom he could try the merits of this judgment, and for the want of the rightful personal representative, no decree ought to have been rendered in his favor.
A further attempt is made to cure the want of proper parties by the legal representatives of Hardin being made parties. They are charged to be non residents, and an order of publication is made against them, but it was never published, and of course, they stand as if they had not been named as parties.
Indeed, if they were brought before the court, it. would be difficult to maintain that they were necessary parties under the facts made .out in this case. The complainant alleges in his bill, that he purchased the lot of Hardin, and gave to him his note for the purchase money, and that he promised to convey the lot, but never did so, and never gave any writing binding himself to convey it. This state of facts is contested by the answers of Herndon and *403 Pemberton. They allege that Hardin pi’ocured the town of Hardinsville to be established on his lands, by order of the county court, under the general act of assembly regulating the establishment of towns, and that trustees were accordingly appointed, who sold the lots at auction as the act of assembly direels, and at this sale the complainant became a purchaser, and this is ratified by the only deposition taken in the cause on the part of the complainant, and the order of court establishing the town is produced. Now it is evident that on the establishment of this town at the instance of Hardin, whatever title he had, became vested in the trustees, and no interest in the land could descend to the -heirs, and all that Hardin or his representatives could ever get, was a personal right, that is the price of the lots. These trustees were not only vested with the title, but the possession of Hardin, They were the sellers and responsible for the title; and are the proper parties to a controversy involving the legal estate. They are the trustees, not only for Hardin, but for the complainant after his purchase, and also for the public, and all that could go. to. Hardin thereafter, was the price of lots which must go to his personal representatives, and his heirs are not necessary parties to litigate such a personal right as this is, arising from the sale of the lots by the trustees, and they have no interest in the legal estate; of course bringing them before the court could not aid the complainant.
Mandate,
.Brown, for plaintiff; Roberts, for defendants,.
The decree must, therefore, be reversed with costs and the cause be remanded with directions to the court below, to dismiss the bill with costs, absolutely as to Fox, and without prejudice to any future suit for the same cause, as to the other defendants, unless the complainant shall apply for leave, and in a reasonable time to be then given, shall bring the necessary parties before the court.